| | | |
|---|---|---|
| LINDA BRAITHWAITE<br>2704 Golf Court<br>Baldwin, , Maryland 21013<br>    Plaintiff | * | IN THE |
| | * | CIRCUIT COURT |
| vs. | * | FOR |
| | * | HARFORD COUNTY |
| GREEN TREE SERVICING, LLC<br>SERVE ON:<br>The Corporation Trust, Incorporated, Res. Agent<br>300 E. Lombard Street<br>Baltimore, Maryland 21202 | * | CASE NO.: |
| | * | |
| | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR ACCOUNTING, PRELIMINARY AND PERMANENT INJUNCTION AND FOR DAMAGES

The Complaint of Linda Braithwaite states:

### FACTS

1. Plaintiff is the owner of certain real property located in Harford County, Maryland known as 2704 Golf Court, Baldwin, Maryland 21013.

2. Plaintiff is the Grantor of a Deed of Trust in favor of Baltimore American Mortgage, which Deed of Trust is recorded among the Land Records of Harford County, Maryland in Liber 2919, folio 0414.

3. Defendant, a corporation licensed to do business in Maryland, is the current holder of said Deed of Trust.

4. In October, 2007, Plaintiff obtained a commitment to refinance said Deed of Trust with a new lender. The terms of the refinancing would have reduced the interest rate of the loan and the amount of Plaintiff's monthly payment obligation.

5. Additionally, Plaintiff would have been able to obtain cash from the refinancing, which Plaintiff intended to use to purchase supplies to be used for making jewelry and to remain competitive in the marketplace.

6. Plaintiff is unable to work outside her home and currently receives Social Security disability payments. Plaintiff has been able to supplement her disability income by selling jewelry on the on-line auction site eBay.

7. In conjunction with the refinancing of the Defendant's loan, [Plaintiff] requested that Defendant issue a payoff statement.

8. The payoff statement issued by Defendant was for an amount well in excess of the balance that Plaintiff believed was owed, and well in excess of the balance disclosed to Plaintiff on her monthly statement.

9. Plaintiff contacted the customer service department of the Defendant for an explanation of the payoff statement and the amounts included thereon. Defendant refused to provide an explanation of the amounts in question.

10. Plaintiff employed counsel, who has demanded an explanation of the amount of the payoff statement, but Defendant has refused, and continues to refuse, to provide the explanation requested.

11. Simultaneously, Defendant published, or caused to be published, false and derogatory information on Plaintiff's credit record with the credit reporting agencies.

12. As the result of this conduct, Plaintiff lost the commitment for the refinancing of Defendant's loan.

13. Absent the additional funds that Plaintiff was to receive from the refinancing, Plaintiff has been unable to purchase the raw materials essential to the jewelry making business.

14. Because Plaintiff has been unable to earn the additional income and because Plaintiff has been unable to lower her monthly mortgage payment, she has been unable to make her mortgage payments.

15. After demand from Plaintiff's counsel, Defendant removed the original false and derogatory information from Plaintiff's record with the credit reporting agencies. Subsequent to that action, Defendant has published new false and derogatory information with the credit reporting agencies.

16. As the result of this conduct, Plaintiff has been unable to obtain a refinancing of the loan with the Defendant.

17. After Defendant issued the questionable and unexplained payoff statement to Plaintiff, Defendant was notified, both by Plaintiff and her counsel, that the loan in question was in dispute.

18. Defendant has failed to provide verification of the debt as required under the Fair Debt Collection Practices Act.

19. Defendant has violated the Fair Debt Collection Practices Act by continuing to attempt to collect the debt once the debt was in dispute.

20. In further violation of the Fair Debt Collection Practices Act, agents or employees of Defendant have contacted a third person, not a party to the debt obligation, in an effort to collect the debt.

### Count I- Accounting

21. Plaintiff reincorporates and realleges the matters stated in Paragraphs 1 through 20 above.

22. In October, 2007, Defendant issued a payoff statement to Plaintiff and at Plaintiff's request, to a lender with whom Plaintiff had contracted to refinance her mortgage held by the Defendant.

23. The payoff statement generated by Defendant requested an amount more than $30,000.00 in excess of the amount due listed on Plaintiff's monthly statement.

24. Plaintiff contacted the customer service department of the Defendant in order to obtain an explanation of the payoff statement. Defendant curtly refused to provide a breakdown of the amounts owed.

25. Plaintiff then employed counsel to obtain this information, but Defendant has refused and continued to refuse, to provide a breakdown of the payoff on the account.

26. Plaintiff is entitled, as a matter of law, to receive an itemization of all amounts alleged to be owed to Defendant by Plaintiff.

27. Defendant's refusal to provide this information is unjust and has caused Plaintiff to suffer the loss of her loan commitment and other damages.

WHEREFORE, Plaintiff requests that this Court:

A. Issue an Order requiring Plaintiff to account for all sums that it claims are due and owing by Plaintiff within such time as this Court deems reasonable; and

B. Compel Defendant to pay the costs and fees incurred by Plaintiff in obtaining this information; and

C. Grant such other and further relief as the nature of the cause may require.

### Count II- Injunctive Relief

28. Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 27 above.

29. As a direct and proximate result of Defendant's failure to provide Plaintiff with a breakdown of her payoff statement, Defendant lost the commitment to refinance her mortgage loan.

30. The new mortgage loan would have carried a substantially reduced interest rate and monthly payment.

31. Additionally, the new loan would have provided funds to Plaintiff which finds were intended to be used to purchase supplies for Plaintiff's jewelry making business.

32. The absence of those new funds have prevented Plaintiff from acquiring the raw materials necessary to the operation of her business.

33. The combined effect of a higher monthly payment and lack of income, all of which resulted from Defendant's wrongful conduct, have placed Plaintiff in the position where she has defaulted on her current loan with Defendant.

34. Plaintiff believes, and therefore avers, that Defendant intended to place her in this position, by issuing a fraudulent payoff statement and then refusing to itemize the amounts contained therein.

35. Plaintiff is in jeopardy of foreclosure of her home.

36. Plaintiff has notified Defendant that the amounts claimed by Defendant are disputed.

37. Under the provisions of the Fair Debt Collection Practices Act (hereafter "FDCPA"), once a debt is in dispute, the debt collector is prohibited from engaging in further collection activity until it has provided validation of the debt.

38. Defendant has failed, to date, to provide validation of the debt.

WHEREFORE, Plaintiff prays that this Court enjoin any collection efforts by defendant pending compliance with the law and compensate Plaintiff for the attorney fees she has incurred for the necessity of bringing this action.

### Count III- Violation of the FDCPA

39. Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 38 above.

40. Defendant was duly notified through counsel, that the debt owed to Defendant was in dispute.

41. Under the provisions of the FDCPA, once a collector is notified that a debt has been disputed, it must cease all collection activity until such time as the borrower is provided verification of the debt.

42. Defendant is a "debt collector" as defined in the FDCPA and therefore must comply with its provisions.

43. Defendant has failed to provide verification of the debt and has failed to cease collection activities.

44. In addition to this violation, a representative of Defendant, on numerous occasions, has spoken to a third party with respect to the debt. Collectors are prohibited from speaking to third parties, except in certain limited circumstances not applicable herein.

45. Each contact with the third party constitutes a statutory violation of the FDCPA.

46. Moreover, Plaintiff has suffered extreme emotional distress resulting from Defendant's conduct.

47. The provisions of the FDCPA authorize the Court to require the violator to pay the borrower's attorney fees resulting from the wrongful conduct.

WHEREFORE, Plaintiff claims:

A. Statutory damages of $1,000.00 for each violation of the FDCPA; and

B. Damages of $300,000.00 for the emotional distress suffered by Plaintiff as well as the cancellation of the mortgage debt; and

C. The attorneys fees incurred in conjunction with the FDCPA violation.

Count IV- Violation of the Fair Credit Reporting Act

48. Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 47 above.

49. Simultaneously with Defendant's issuance of a false payoff statement and its refusal to justify same, Defendant also reported false and fraudulent information to the established credit reporting agencies regarding the status of Plaintiff's loan with Defendant.

50. Said false and fraudulent information also impacted Plaintiff's ability to refinance the mortgage loan currently held by Defendant.

51. Plaintiff, through counsel, notified Defendant of its wrongful action, at which time Defendant corrected the information reported to the credit reporting agencies.

52. Subsequently, after Plaintiff notified Defendant that she disputed the debt, Defendant again began reporting false and derogatory information about Plaintiff's loan to the credit reporting agencies.

53. Publication of false and derogatory information about a consumer's credit is a violation of the federal Fair Credit Reporting Act.

54. The Fair Credit Reporting Act authorizes the Court to award a consumer the statutory damages for a violation as well as attorney fees incurred in seeking redress from the wrongful conduct.

WHEREFORE, Plaintiff claims:

A. The statutory damages allowed by law for violation of the Fair Credit Reporting Act; and

B. The attorney fees incurred in bringing this action.

Count V- Damages for Lender Liability

55. Plaintiff reincorporates and realleges the allegations contained in Paragraphs 1 through 54 above.

56. In the course of attempting to refinance her loan with Defendant, Defendant was confronted with the issuance of a false and fraudulent payoff statement, Defendant's refusal to provide an explanation for the amounts listed on said statement, the publication (on several occasions) of false and derogatory information on Plaintiff's credit report and numerous violations of federal law governing the collection of debts.

57. Defendant has failed to administer the loan with Plaintiff in a lawful manner.

58. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff lost her loan commitment, lost the additional funds she needed to fund her business, and has incurred substantial additional costs and expenses.

59. Plaintiff would not have suffered the losses and incurred the costs and expenses but for the wrongful conduct of the Defendant.

WHEREFORE, Plaintiff claims $100,000.

DENNIS W. KING
DANOFF & KING, P.A.
409 Washington Ave., Ste. 810
Towson, Maryland 21204
(410) 583-1686
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff demands that all Counts of the Complaint, other than those seeking equitable relief, be tried by jury.

DENNIS W. KING
DANOFF & KING, P.A.
409 Washington Ave., Ste. 810
Towson, Maryland 21204
(410) 583-1686
Attorney for Plaintiff