```
          IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
LINDA BRAITHWAITE,
                                *
     Plaintiff,
                                *
          v.                         CIVIL NO.: WDQ-08-1994
                                *
GREEN TREE SERVICING, LLC,
                                *
     Defendant.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Linda Braithwaite sued Green Tree Servicing, LLC ("Green Tree") for negligence and violations of: (1) state accounting laws, (2) state consumer debt collection laws, (3) and the Maryland Consumer Protection Act, and sought damages and injunctive relief. Pending are (1) Braithwaite's motions to dismiss counsel and defer entry of dismissal with prejudice, (2) Braithwaite's counsel's motion to withdraw, and (3) Green Tree's motion to enforce settlement. For the following reasons, Green Tree's motion will be granted, and Braithwaite's motion to defer entry of dismissal with prejudice will be denied. Braithwaite's counsel's motion to withdraw and Braithwaite's motion to dismiss counsel will be denied as moot.

I.   Background

On May 12, 2008, Braithwaite sued Green Tree for negligence, accounting and consumer debt collection violations, and

violations of the Maryland Consumer Protection Act in the Circuit Court for Harford County.  Am. Compl. ¶¶ 21-57.  On August 1, 2008, Green Tree removed the case.  Paper No. 1.  On November 12, 2008, Braithwaite and Green Tree reached a settlement agreement, and the Court dismissed the case without prejudice under Local Rule 111.  Paper No. 21.

On December 4, 2008, Braithwaite filed an unopposed motion to defer entry of dismissal with prejudice.  Paper No. 22.  The motion was granted on December 5, 2008.  Paper No. 23.  On January 12, 2009, Braithwaite filed a second unopposed motion to defer entry of dismissal with prejudice; the motion was granted on January 13, 2009, and the deadline for entry of dismissal with prejudice was extended to February 11, 2009.  Papers No. 24, 25.

On February 4, 2009, Braithwaite moved *pro se* to dismiss her attorney and to defer entry of dismissal with prejudice.  Paper No. 26.  On February 5, 2009, Green Tree moved to enforce the settlement, and Braithwaite's counsel, Dennis King, moved to withdraw.  Papers No. 27, 28.  The parties are currently performing under the settlement terms, although Braithwaite has not signed the agreement.  Paper No. 27 at 4.

II. Analysis

    A.   Motion to Defer Entry of Settlement Agreement and Motion to Enforce Settlement

Braithwaite seeks a third 30-day extension of the Court's

entry of dismissal with prejudice because King allegedly failed to present "critical pertinent information" to Magistrate Judge Bredar and Green Tree during settlement negotiations. Paper No. 26 at 1. Vague and unsubstantiated allegations of misconduct are insufficient to preclude enforcement of a settlement agreement. *Brown v. Prince George's County Bd. of Educ.*, No. RWT 05-114, 2006 WL 4888940, *2 (D. Md. Nov. 6, 2006). Braithwaite has provided no evidence of King's misconduct. Accordingly, Braithwaite's motion to defer entry of dismissal with prejudice will be denied and Green Tree's motion to enforce the settlement agreement will be granted.

B.   Motions to Dismiss and Withdraw

Local Rule 101.2(a) permits counsel to withdraw after filing a certificate with the Court stating: (1) the name and last known address of his client; and (2) that he has mailed a written notice to the client advising him of counsel's proposed withdrawal. Local Rule 101.2(a). Counsel may withdraw only with leave of the Court. *Id*.

King notified Braithwaite of his intention to withdraw on January 12, 2009, Paper No. 26, Ex. 1, and filed his motion to withdraw on February 5, 2009, in compliance with Local Rule 101.2(a). Paper No. 28. Because this case will be dismissed with prejudice, however, King and Braithwaite's motions will be denied as moot.

III. Conclusion

For the above stated reasons, Green Tree's motion to enforce settlement will be granted, and Braithwaite's motion to defer entry of dismissal with prejudice will be denied. King's motion to withdraw and Braithwaite's motion to dismiss counsel will be denied as moot.

<u>May 5, 2009</u>             _____/s/_____
Date                    William D. Quarles, Jr.
                        United States District Judge